### HEILBRUNN v. SEH.

(Supreme Court, Appellate Term.   May 17, 1910.)

TRIAL (§ 140*)—DIRECTION OF VERDICT—SUFFICIENCY OF EVIDENCE.

Though the testimony of an interested witness establishes a prima facie case in favor of plaintiff, it is error to direct a verdict for plaintiff, where defendant requests to go to the jury on the facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 335; Dec. Dig. § 140.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Heilbrunn against Henry Seh.   There was a directed verdict for plaintiff, and defendant appeals.   Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Bamberger & Lowenthal, for appellant.
Joseph Steinert, for respondent.

SEABURY, J.   The plaintiff has recovered a judgment against the defendant upon the theory that the defendant, while acting in a fiduciary capacity, converted the proceeds of certain cattle which the defendant agreed to sell for the plaintiff.   The complaint alleges that the defendant sold and delivered the cattle for $2,402.51, but does not allege that the sale was for cash, or that the. defendant ever received

the proceeds of the sale. Although the complaint did not state facts sufficient to constitute a cause of action, no motion to dismiss the complaint on this ground was made.

The evidence offered was that of an interested witness and was not clear or free from contradiction. The only evidence of a conversion consisted of an alleged admission made by the defendant to the plaintiff. Even if we assume that the proof coming from an interested witness established a prima facie case, it was error to direct a verdict for the plaintiff, in view of the defendant's request to go to the jury upon the facts.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.